UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD BILLS, and
NICOLE A. MILLER,

       Plaintiffs,                CIVIL ACTION NO. 08-12207
vs.                           DISTRICT JUDGE DAVID M. LAWSON
                                MAGISTRATE JUDGE DONALD A. SCHEER

JAMES ADAIR, MICHAEL
WENDING, JAMES PRATT,
DAN LANE, DETECTIVE
PIKE, NANCY MILLER, and
KATHLEEN KENNEDY,

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant prisoner civil rights Complaint alleging false arrest and malicious prosecution by the individual Defendants should be dismissed, sua sponte, on the basis of the statute of limitations and absolute immunity.

\* \* \*

Plaintiff, while a prisoner at the Muskegon Correctional Facility in Muskegon, Michigan,[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on May 20, 2008, against Defendants Adair (St. Clair Circuit Court Judge), Wending (St. Clair County Prosecuting Attorney), Pratt (Defense Attorney), Lane (St. Clair County Sheriff), Pike (Port Huron Police Officer), Miller (Insurance Agent) and Kennedy (St. Clair County Probation Officer). Plaintiff sues the individual defendants in their personal and official capacities and seeks declaratory relief and monetary damages. Nicole Miller was named as a "secondary" co-Plaintiff, but her signature does not appear on the Complaint.

---

[1] Plaintiff is still incarcerated at the Muskegon Correctional Facility, located at 2400 South Sheridan in Muskegon, Michigan.

In his Complaint and Memorandum in Support, Plaintiff alleged that his Fourth Amendment right to be free from illegal search and seizure was violated when he was arrested on November 2004, for aggravated assault of his sister with a deadly weapon. He was also charged with interfering with a crime report by threatening to kill or injure. Plaintiff claimed that his due process and equal protection rights under the Fourteenth Amendment were violated when certain criminal procedures leading up to his plea agreement were not followed by either the police or court officers.

Plaintiff was arrested on November 21, 2004, and arraigned the next day for assaulting his sister with a deadly weapon inside her residence. Plaintiff was bound over for trial following a preliminary examination, and he pled nolo contendere on April 5, 2005, to assault with a deadly weapon and interfering with a crime report by threatening to kill or injury. He was later sentenced to a 6 to 15 year prison term on both felony convictions (See Exhibits 1 through 4 attached to Plaintiff's Memorandum in Support of Complaint).

Claiming that he had been falsely arrested and maliciously prosecuted, Plaintiff alleged that the Defendants had engaged in a conspiracy to "deprive him of his rights privileges and immunities guaranteed by the federal Constitution". Plaintiff also claimed that the Defendants had engaged "in acts of torture" by inflicting "severe physical and mental pain and suffering" upon him. Plaintiff sought compensatory and punitive damages, as well as declaratory and injunctive relief.

STATUTE OF LIMITATIONS

The instant Complaint should be dismissed, sua sponte, for a number of reasons. First, the United States Supreme Court has directed federal courts to apply the single most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. §

1983. Wilson v. Garcia, 471 U.S. 261, 276 (1985). The general three year statute of limitations for personal injuries and property damage contained in MCL 600.5805(8) is the uniform limitations period to be applied to civil rights claims in Michigan. Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986); Hardin v. Straub, 490 U.S. 536, 540 (1989). In the instant case, Plaintiff was arrested on November 21, 2004, and he did not file his lawsuit until May 20, 2008, more than three years later. His claim for false arrest (by Defendant Pike) is thus clearly untimely and should be dismissed.

MALICIOUS PROSECUTION

Plaintiff's malicious prosecution claim should be dismissed because, if successful, it would imply the invalidity of his assault with a deadly weapon and interfering with a crime report by threatening to kill or injure convictions. In Heck v. Humphrey, 512 U.S. 477 (1994) the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the Complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
> pp. 486-487

In the instant case, Plaintiff has made no showing that his arrest for assault with a deadly weapon and interfering with a crime report by threatening to kill or injure culminating

in his subsequent plea-based state convictions on both charges was even challenged on appeal, much less reversed, overturned or questioned. Therefore, Plaintiff's claims which purport to undermine his criminal convictions are precluded from review.[2]

ABSOLUTE IMMUNITY

To the extent that Plaintiff seeks damages against a judicial officer (Adair) and prosecuting attorney (Wending), they are entitled to absolute immunity from damages for actions taken in the course of their duties in the judicial process. No immunity doctrine pertaining to individuals is more strongly established than that of judicial immunity. Sound policy concerns favor judicial immunity in suits for money damages to avoid impairment of the judicial process. Pierson v. Ray, 386 U.S. 547 (1967); Barnes v. Winchell, 105 F.3d 1111 (6th Cir. 1997). Quasi-judicial immunity also extends to those persons who perform tasks so integral to or intertwined with the judicial process that they are considered an arm of the judicial officers who are immune. Cooper v. Parrish, 203 F.3d 937, 950 (6th Cir. 2000). As a result, court clerks, administrators and probation officers (Kennedy) are protected by this immunity. Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994).

Furthermore, the functional nature of the activities performed by the prosecuting attorney in the instant case involved prosecutorial conduct for which he is also absolutely immune under Imbler v. Pachtman, 424 U.S. 409 (1976). See also Hilliard v. Williams, 540 F.2d 220 (6th Cir. 1976); Stefaniak v. State of Michigan, 564 F.Supp. 1194 (W.D. Mich.

---

[2]If Plaintiff is challenging the fact or duration of his physical confinement alleging violations of his federal constitutional rights by improper police actions and judicial procedures leading to his convictions, then a civil rights complaint is an improper means for attacking the length of his incarceration. In Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), the Supreme Court held that when a state prisoner is challenging the fact or duration of his physical confinement, his sole remedy is a writ of habeas corpus.

1983); Campbell v. Patterson, 724 F.2d 41 (6th Cir. 1983). The scope of prosecutorial immunity under Imbler is wide, enveloping all prosecutorial functions "intimately associated with the judicial [as opposed to the administrative or investigative] phase of the criminal process." Imbler, 424 U.S. at 430. Even when the acts and omissions of the prosecutor deprive a criminal defendant of his constitutional right to a fair trial (as where a prosecutor knowingly suppressed Brady[3] material which would have exonerated a defendant, Hilliard, 540 F.2d at 221, or knowingly used perjured testimony, Imbler, supra), as long as the conduct involves the decision to initiate or prosecute a criminal proceeding, the policy underlying the grant of absolute immunity is invoked. Because Section 1983 liability for damages would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system," Imbler, 424 U.S. at 427-428, conduct even as egregious and reprehensible as that referenced above in Hilliard and Imbler enjoys immunity from Section 1983 liability because that conduct comprises an integral part of the prosecutor's role in the judicial system.

SUPERVISORY DUTIES

A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988). Sheriff Lane was apparently sued because of his position of authority and administrative responsibilities within the St. Clair County police department. However, the mere fact that a supervisory person is in a position of authority does not allow imposition

---

[3] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

5

of liability against him or her. As a result, Defendant Lane should not be held liable absent a showing that he was personally or directly involved.

DISMISSAL OF REMAINING DEFENDANTS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Therefore, a plaintiff must demonstrate that the conduct which caused his alleged injuries is "fairly attributable to the State" in order to state a civil rights claim under § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Defense attorney James Pratt, as well as insurance agent Nancy Miller, should be dismissed because they are private parties and not state actors. Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983 as to these defendants, and his civil rights complaint against them should be summarily dismissed before service of process.

For the foregoing reasons, it is recommended that the instant prisoner civil rights Complaint alleging false arrest and malicious prosecution by the individual Defendants should be dismissed on the basis of the statute of limitations and absolute immunity. Given this recommendation, Plaintiff's Emergency Motion for a Preliminary Injunction (Docket #2) should be denied. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Lawson's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: May 30, 2008

_____

## CERTIFICATE OF SERVICE

      I hereby certify on May 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 30, 2008. **Brad Bills, Nicole Miller.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217